Sullivan,
No. 4548.

RICHARD H. PERRY *v.* CHAMPLAIN OIL CO., INC.

Argued May 7, 1957.

Decided July 9, 1957.

*Upton, Sanders & Upton* (*Mr. Richard F. Upton* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* and *Philip G. Peters* (*Mr. Peters* orally), for the defendant.

KENISON, C. J. The relatively modern doctrine of commercial frustration in the law of contracts is similar to the doctrine of impossibility of performance in that both require extreme hardship in order to excuse the promisor. Commercial frustration is different in that it assumes the possibility of literal performance but excuses performance because supervening events have essentially destroyed the purpose for which the contract was made. *Lloyd* v. *Murphy,* 25 Cal. (2d) 48, 53; *Brown* v. *Oshiro,* 68 Cal. App. (2d) 393. Whether the basis for commercial frustration rests on failure of consideration as suggested by 6 Williston, Contracts (Rev. *ed.*) *s.* 1954, *p.* 5480, note 14, or on equitable principles of allocation of risks as suggested by Corbin is not made entirely clear by the decided cases. Thus in 6 Corbin, Contracts, *s.* 1322, *p.* 256 (1951) it is said that the "problem is that of allocating, in the most generally satisfactory way, the risks of harm and disappointment that result from supervening events." The Restatement of Contracts, *s.* 288, states the rule of commercial frustration as follows: "Where the assumed possibility of a desired object or effect to be attained by either party to a contract forms the basis on which

both parties enter into it, and this object or effect is or shortly will be frustrated, a promisor who is without fault in causing the frustration, and who is harmed thereby, is discharged from the duty of performing his promise unless a contrary intention appears."

Some authorities have taken the position that the doctrine of commercial frustration does not apply to leases but this is a minority view which we do not follow. *Leonard* v. *Autocar Sales & Service Co.,* 392 Ill. 182; note, Doctrine of Commercial Frustration as Applied to Leases of Real Property, 43 Mich. L. Rev. 598. The majority of jurisdictions have held that the doctrine of frustration is applicable to leases but have indicated that there must be complete or nearly complete frustration. I American Law of Property, *s.* 3.104 (1952); 6 Corbin, Contracts, *s.* 1356. "Even more clearly with respect to leases than in regard to ordinary contracts the applicability of the doctrine of frustration depends on the total or nearly total destruction of the purpose for which, in the contemplation of both parties, the transaction was entered into." 6 Williston, Contracts (Rev. *ed.*) *s.* 1955, *pp.* 5486, 5487.

In the present case we have a fifteen-year lease with the rent fixed at one cent per gallon of gasoline sold. At the time the lease was executed the defendant was a distributor of Sunoco products and seven months later he terminated this distribution and substituted Cities Service products resulting in a decrease in sales. In the former transfer of this case we indicated that the implied finding of the Court that the "main purpose of the agreement had not been frustrated would be sustainable" except for an error in the admission of evidence. *Perry* v. *Company,* 99 N. H. 451, 454.

The additional testimony produced at the hearing did not convince the Trial Court that the subsequent failure of the supply of Sunoco products frustrated the main purpose of the lease to a material degree sufficient to justify rescission. We think that this finding is supported by the evidence and a finding to the contrary which was requested by the plaintiff was not compelled. "A promise will not be discharged, however, because the performance promised in return has lost value on account of supervening fortuitous circumstances unless they nearly or quite completely destroy the purpose both parties to the bargain had in mind." 6 Williston, Contracts (Rev. *ed.*) *s.* 1954, *p.* 5481. Generally speaking, the courts have been careful not to find commercial frustration if it would only result in allowing a party to withdraw from a poor bargain. *Perry* v. *Company,* 99 N. H. 451, 453. The plaintiff's

additional testimony at the second hearing tended to show that he was motivated largely by hope and expectation rather than any assumption by the parties or guarantee by the defendant that the latter would continue as a distributor of Sunoco products. We have found no case in which such a degree of frustration has been allowed to excuse the promisor.

The Court granted defendant's request No. 9 that "the theory of commercial frustration is inapplicable as a matter of law." The plaintiff claims that this is an erroneous ruling and contrary to the holding in the previous transfer. *Perry* v. *Company*, 99 N. H. 451, 453, *supra*. This request, however, must be considered in connection with the other action of the Court. It should be noted that the Court refused to grant the defendant's request that the bill in equity be dismissed as a matter of law and likewise refused to grant a nonsuit. Thereafter he reviewed some of the findings of the first trial which are now unchallenged. These included the fact that the defendant was not restricted to selling Sunoco products exclusively, that there was no impossibility of performance, that the defendant was not guilty of negligence and used diligence in operating the filling station for the mutual benefit of both parties. These findings necessarily related to the degree and extent of frustration involved in the performance of this lease and were pertinent in determining whether the doctrine of commercial frustration should be applied. On the basis of the findings against the plaintiff and in favor of the defendant, which are supported by the evidence, the Court ruled in effect that the law of commercial frustration was inapplicable to the facts of this case. We do not interpret request No. 9 as an initial determination that the doctrine had no application but rather as a ruling of law on facts found. This did not violate the stipulation of the parties that the issue was confined to commercial frustration, since these collateral matters were part and parcel of the determination whether the doctrine was applicable.

The exception to the failure of the Court to report all material findings and rulings is overruled since the requests of the parties, all of which were either granted or denied, sufficiently stated the essential and material facts. *New Hampshire Savings Bank* v. *Bank*, 93 N. H. 326; *Wentworth Bus Co.* v. *Sanborn*, 99 N. H. 5, 8.

*Bill dismissed.*

All concurred.