487 P.2d 561 (1971)
J J & L INVESTMENT CO., a Colorado corporation d/b/a Parks School of Business, Plaintiff in Error,
v.
Patricia MINAGA, by her natural guardian and next friend Aiko Minaga, and Aiko Minaga, Defendants in Error.
No. 71-082. (Supreme Court No. 24462.)
Colorado Court of Appeals, Div. II.
July 20, 1971.
Williams, Erickson & Wallace, R. Neil Quigley, Denver, for plaintiff in error.
Raphael M. Solot, Denver, for defendants in error.
Not Selected for Official Publication.
PIERCE, Judge.
This case was transferred from the Colorado Supreme Court pursuant to statute.
Defendants in error were plaintiffs below and will be referred to by the trial court designation or by name. Plaintiff in error, J J & L Investment Co., d/b/a Parks School of Business, will be referred to as defendant or Parks School.
Plaintiff Patricia Minaga enrolled in a one-year aviation secretarial course at Parks School under an agreement and contract embodied in a "life-time service certificate" dated June 20, 1967. This contract *562 contained the following pertinent provision:
"* * * C. If the Holder is dismissed or withdraws from the school, tuition may be refunded in the sole discretion of the governing body of the School, and will be made only for cogent and meritorious reasons."
The total cost of the aviation secretarial course was $1,685. $1,000 of the tuition was paid by a loan secured through the United Student Aid Fund at the Central Bank & Trust Co. Patricia attended school for three or four months, but withdrew when she became dissatisfied with her progress.
After requesting a refund from Parks School, plaintiffs received a letter from defendant's business manager, stating that they had granted a refund which they were paying to the Central Bank & Trust Co. to be applied to the plaintiff's student loan.
The Minagas filed a complaint against Parks School, demanding a full refund of the tuition moneys claimed to be due them under the terms of the contract.
The trial court found that a refund was authorized by defendant under the terms of the contract and held that plaintiffs were entitled to a refund. The court refused to give Parks School credit for a $650 refund which defendant claimed it had made to the Central Bank & Trust Co. on behalf of plaintiffs. Judgment was thereafter entered in favor of plaintiffs.
Defendant appeals, claiming that plaintiffs failed to state a claim upon which relief could be granted and that the trial court erred in failing to so rule. It is defendant's contention that, under the controlling provision of the contract set forth above, the refund of tuition was solely within defendant's discretion upon plaintiff's voluntary withdrawal from the school. Plaintiff does not contest the validity of the contract.
Where a contract for schooling is for an entire specified term and a pupil withdraws for reasons of her own, without fault on the part of the school, it is the general rule that the school is entitled to the agreed tuition for the entire term. Bergman v. Bouligny, 82 A.2d 760 (D.C. Mun.Ct.App.). See Annot., 69 A.L.R. 714. Under the terms of this contract defendant was not required to make any refund of tuition in any specific manner upon plaintiff's voluntary withdrawal from the school. It is also clear that when defendant determined: (1) that a refund should be paid; (2) that its amount should be $650; and (3) that it should be paid to the bank in behalf of plaintiffs, its actions were purely discretionary. Plaintiffs have proven no claim in this action upon which relief can be granted and the trial court's failure to so rule was error.
Judgment reversed.
SILVERSTEIN, C. J., and DWYER, J., concur.