RALPH N. BRENNER, JR. v. THE LITTLE RED SCHOOL HOUSE, LIMITED

No. 46

(Filed 2 February 1981)

### 1. Contracts § 20.1— nonrefundable tuition — failure of child to attend school — doctrine of impossibility of performance

A contract which required plaintiff to pay a nonrefundable tuition for the entire school year in advance of the first day of school in order for defendant to hold a place in the school for plaintiff's child and to teach the child during the school year was not subject to rescission under the doctrine of impossibility of performance because plaintiff's former wife refused to send the child to the school year was not subject to rescission under the doctrine of impossibility of matter of the contract was not destroyed.

### 2. Contracts § 20.1— nonrefundable tuition — failure of child to attend school — doctrine of frustration inapplicable

A contract requiring plaintiff to pay a nonrefundable tuition for the entire school year in advance of the first day of school in return for defendant's promise to hold a place in the school for plaintiff's child, to make all preparations necessary to educate the child for the school year, and to teach the child during that period was not subject to rescission under the doctrine of frustration of purpose because plaintiff's former wife would not allow the child to attend the school, since defendant's performance under the contract was sufficient consideration for plaintiff's tuition payment so as to avoid the application of the doctrine of frustration of purpose. Furthermore, a provision of the contract stating that tuition is "payable in advance of the first day of school, no portion refundable" allocates to plaintiff the risk that the child will not attend the school and prevents the application of the doctrine of frustration of purpose.

### 3. Contracts § 6— nonrefundable tuition — contract not unconscionable

A contract requiring plaintiff to pay tuition in advance with no refund in order for defendant to prepare and hold a place in the school for plaintiff's child was not unconscionable since there was no inequality of bargaining power between the parties; plaintiff was not forced to accept defendant's terms, for there were other private and public schools available to educate the child; the clause providing that tuition payments would be nonrefundable was reasonable when considered in light of the expense to defendant in preparing to educate the child and reserving a space for him; and the bargain was one that a reasonable person of sound judgment might accept.

### 4. Damages § 7— nonrefundable tuition — no penalty or liquidated damages

A contract clause prohibiting the refund of any portion of the tuition paid by plaintiff to defendant in order for defendant to prepare and hold a place in its school for plaintiff's child was neither a penalty nor a provision for liquidated damages where plaintiff's former wife would not permit the child to attend the school; both parties fully performed their obligations under the contract to the extent possible without the presence of the child in the school; and there was no

breach of contract by either party.

**5. Rules of Civil Procedure §§ 12, 15— amendment of answer without permission — responsive pleading after motion to strike denied**

Although G.S. 1A-1, Rule 15(a) mandates that defendant could only amend his answer after obtaining the court's permission or plaintiff's written consent, G.S. 1A-1, Rule 12(a)(1)a expressly authorized defendant to file without permission those portions of his amended answer which were a responsive pleading to the paragraphs of the complaint subject to defendant's motion to strike, and the court erred in granting plaintiff's motion to strike those portions of the amended answer which were responsive pleadings to the paragraphs of the complaint subject to defendant's motion to strike.

**6. Contracts § 18.1— nonrefundable tuition — promise of refund — modification of contract — consideration**

In an action to recover tuition paid by plaintiff for the enrollment and teaching of plaintiff's child in defendant's school, an enforceable modification of the provision of the contract prohibiting a tuition refund was created if defendant's headmistress promised to refund to plaintiff the full tuition payment when plaintiff informed her that his former wife would not permit his child to attend the school, since the promise to refund was supported by consideration in that defendant received a benefit in being relieved of the responsibility to teach the child for the school year.

Justice MEYER did not participate in the consideration or decision of this case.

APPEAL as a matter of right by defendant from the decision of the Court of Appeals, reported in 47 N.C. App. 19, 266 S.E. 2d 728 (1980) (opinion by *Webb, J.,* with *Wells, J.,* concurring and *Martin (Harry C.), J.,* dissenting). The Court of Appeals reversed summary judgment in favor of plaintiff entered by *Hatfield, J.,* at the 5 October 1979 Session of District Court, GUILFORD County, and remanded for entry of judgment in favor of defendant.

By his complaint filed 17 July 1979, plaintiff sought a refund of the $100.00 confirmation fee and $972.00 advanced tuition which he had paid to defendant pursuant to a contract by which defendant agreed to enroll plaintiff's son in the fourth grade class of defendant school and to teach him for the 1978-1979 school session. The contract provided in pertinent part as follows:

"We understand that the tuition is $1,080.00 per year, payable in advance on the first day of school, no portion refundable. We also understand that upon your approval we may elect to pay tuition in $100.00 per month installments with interest according to published schedule, but that such election does not in any wise modify the stipula-

Brenner v. School House, Ltd.

tion that tuition is payable in advance.

Enclosed is our $100.00 confirmation fee which will reserve our student a place for the coming year. This confirmation fee is to be applied to the yearly tuition only after all other installments, interest and other charges are paid."

Plaintiff was divorced on 21 January 1973 by an order which also awarded custody of the couple's minor son to his former wife. Plaintiff continued to make payments for the support of the child, including the tuition required to enable the child to attend defendant school for several years. Prior to the beginning of the 1978-79 school term, plaintiff paid defendant $1,072.00 pursuant to the contract. Subsequently, plaintiff's former wife refused to allow the child to attend the school at any time during the 1978-79 term.

Plaintiff's complaint stated that the contract at issue was void and unenforceable for lack of consideration or failure of consideration, and therefore all payments made thereunder should be refunded to avoid unjustly enriching defendant. Plaintiff further alleged that defendant's failure to return all payments under the contract constituted an unfair trade practice under G.S. 75-1.1, thus entitling him to the recovery of treble damages.

On 3 August 1979 defendant filed a motion to dismiss under G.S. 1A-1, Rule 12(b)(6), a motion for summary judgment, a motion to strike paragraphs five and six of plaintiff's complaint, and an answer to those portions of plaintiff's complaint which were not subject to defendant's motion to strike. Both plaintiff and defendant moved for summary judgment on 31 August 1979. On 19 September 1979 the district court judge entered an order denying defendant's motions for summary judgment, motion for dismissal pursuant to Rule 12(b)(6), and motion to strike paragraph five of the complaint. A minor amendment was made to paragraph six of the complaint. Defendant filed an amended answer on 25 September 1979, denying for the first time the allegations of paragraphs five and six in the complaint. On 27 September 1979 plaintiff moved to strike defendant's amended answer pursuant to G.S. 1A-1, Rule 12(f).

Summary judgment in favor of plaintiff was granted 5 October 1979, allowing him to recover the $1,072.00 paid to defendant.

On 16 October 1979, plaintiff's motion to strike defendant's amended answer was allowed and defendant's motion to set aside summary judgment entered 5 October was denied.

The Court of Appeals reversed the trial court's decision granting plaintiff's motion for summary judgment and remanded for entry of judgment in favor of defendant. Plaintiff appeals to this Court as a matter of right pursuant to G.S. 7A-30(2).

*Wyatt, Early, Harris, Wheeler & Hauser by A. Doyle Early, Jr. for plaintiff-appellant.*

*Max D. Ballinger for defendant-appellee.*

COPELAND, Justice.

Plaintiff sets forth several arguments in support of his allegation that the Court of Appeals erred in reversing the trial court's order entering summary judgment in his favor. We have carefully reviewed each of plaintiff's contentions and find that summary judgment could not properly be granted in favor of either party. For the reasons stated below, we reverse that portion of the Court of Appeals' decision which remanded the case for entry of summary judgment in favor of defendant.

**[1]** Plaintiff-appellant first contends that the doctrine of impossibility of performance and frustration of purpose should apply in this case to bring about a recission of the contract. Impossibility of performance is recognized in this jurisdiction as excusing a party from performing under an executory contract if the subject matter of the contract is destroyed without fault of the party seeking to be excused from performance. *Sechrest v. Forest Furniture Co.*, 264 N.C. 216, 141 S.E. 2d 292 (1965). Plaintiff's former wife's refusal to send the child to defendant school did not destroy the subject matter of the contract; it was still possible for the child to attend the school. The doctrine of impossibility of performance clearly has no bearing on this case.

**[2]** In support of the applicability of the doctrine of frustration of purpose, plaintiff argues that his former wife's refusal to allow the child to attend defendant school was a fundamental change in conditions which destroyed the object of the contract and resulted in a failure of consideration. Judge Harry C. Martin agreed with plaintiff and dissented on this basis, discussing the doctrine of

frustration of purpose at length. While we agree with Judge Martin's general discussion of the law concerning frustration of purpose, we hold that the doctrine does not apply to bring about a recission under the facts of this case.

The doctrine of frustration of purpose is discussed in 17 Am. Jur. 2d *Contracts* § 401 (1964) as follows:

> "Changed conditions supervening during the term of a contract sometimes operate as a defense excusing further performance on the ground that there was an implied condition in the contract that such a subsequent development should excuse performance or be a defense, and this kind of defense had prevailed in some instances even though the subsequent condition that developed was not one rendering performance impossible . . . . In such instances, . . . the defense doctrine applied has been variously designated as that of 'frustration' of the purpose or object of the contract or 'commercial frustration.'
>
> Although the doctrines of frustration and impossibility are akin, frustration is not a form of impossibility of performance. It more properly relates to the consideration for performance. Under it performance remains possible, but is excused whenever a fortuitous event supervenes to cause a failure of the consideration or a practically total destruction of the expected value of the performance. The doctrine of commercial frustration is based upon the fundamental premise of giving relief in a situation where the parties could not reasonably have protected themselves by the terms of the contract against contingencies which later arose."

If the frustrating event was reasonably foreseeable, the doctrine of frustration is not a defense. In addition, if the parties have contracted in reference to the allocation of the risk involved in the frustrating event, they may not invoke the doctrine of frustration to escape their obligations. 17A C.J.S. *Contracts* § 463(2) (1963). *See also Perry v. Champlain Oil Co.*, 101 N.H. 97, 134 A. 2d 65 (1957); *Blount-Midyette & Co. v. Aeroglide Corp.*, 254 N.C. 484, 119 S.E. 2d 225 (1961); Annot. 84 A.L.R. 2d 12 (1962).

In the present case, plaintiff contracted to pay the tuition for

Brenner v. School House, Ltd.

the entire school year in advance of the first day of school. In consideration therefor, defendant promised to hold a place in the school for plaintiff's child, to make all preparations necessary to educate the child for the school year, and to actually teach the child during that period. Both parties received valuable consideration under the terms of the contract. After receiving plaintiff's tuition payment, defendant reserved a space for plaintiff's child, made preparations to teach the child, and at all times during the school year kept a place open for the child. This performance by defendant was sufficient consideration for plaintiff's tuition payment. A school such as defendant must make arrangements for the education of its pupils on a yearly basis, prior to the commencement of the school year. Many of these arrangements are based upon the number of pupils enrolled, for example, the teaching materials to be ordered, the number of teachers to be hired, and the desks and other equipment which will be used by the children. In addition, private schools are often limited in the number of pupils that can be accommodated, so that the reservation of a space for one child may prevent another's enrollment in the school. Had it been advised before the first day of school that plaintiff's child would not be in attendance, defendant might have been able to fill the vacant position. After the start of the school year, the probability of filling the position decreased substantially, thus to allow plaintiff to recover the tuition paid might deprive defendant of income it would have received had the contract not been entered into. Therefore, although plaintiff did not receive the full consideration contemplated by the contract, he received consideration sufficient to avoid the application of the doctrine of frustration of purpose. There was no substantial destruction of the value of the contract.

Furthermore, we find the doctrine of frustration of purpose inapplicable on an additional basis. Although the parties could not have been expected to forsee the exact actions of plaintiff's former wife in refusing to send the child to defendant school, the possibility that the child might not attend was foreseeable and appears expressly provided for in the contract. The contract states that tuition is "payable in advance of the first day of school, no portion refundable." This provision allocates to plaintiff the risk that the child will not attend, and prevents the application of the doctrine of frustration of purpose.

Since the doctrine of frustration of purpose does not apply and

---

**Brenner v. School House, Ltd.**

---

the terms of the contract are clear and unambiguous, the courts are bound to enforce it as written. *Crockett v. First Federal Savings and Loan Association of Charlotte*, 289 N.C. 620, 224 S.E. 2d 580 (1976); *Weyerhaeuser Co. v. Carolina Power & Light Co.*, 257 N.C. 717, 127 S.E. 2d 539 (1962). This holding is consistent with prior cases in this jurisdiction which state that a contract providing for the nonrefundable payment of tuition is enforceable as written, regardless of the nonattendance of the pupil, where the failure to attend is not caused by some fault on the part of the school. *Horner School v. Wescott*, 124 N.C. 518, 32 S.E. 2d 885 (1899); *Bingham v. Richardson*, 60 N.C. 215 (1864). Our decision is also in accord with the majority of jurisdictions in this country. *J.J. & L. Investment Co. v. Minaga*, 487 P. 2d 561 (Colo. App. 1971); *Missouri Military Academy v. McCollum*, 344 S.W. 2d 636 (Mo. Ct. App. 1961); Annot., 69 A.L.R. 714 (1930).

[3] Defendant argues that even if the contract is not rescinded, this Court should find it unconscionable and refuse to enforce it. We disagree. A court will generally refuse to enforce a contract on the ground of unconscionability only when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other. *Hume v. United States*, 132 U.S. 406, 10 S.Ct. 134, 33 L.Ed. 393 (1889); *Christian v. Christian*, 42 N.Y. 2d 63, 365 N.E. 2d 849, 396 N.Y.S. 2d 817 (1977). In determining whether a contract is unconscionable, a court must consider all the facts and circumstances of a particular case. If the provisions are then viewed as so one-sided that the contracting party is denied any opportunity for a meaningful choice, the contract should be found unconscionable. In re Friedman, 64 A.D. 2d 70, 407 N.Y.S. 2d 999 (1978); *Collins v. Uniroyal Inc.*, 126 N.J. Super. 401, 315 A. 2d 30 (1973), *aff'd* 64 N.J. 260, 315 A. 2d 16 (1974). *See, e.g.,* G.S. 25A-43(c).

After considering all the facts before the trial court, we hold that the contract at issue cannot be declared unenforceable on the grounds of unconscionability. There was no inequality of bargaining power between the parties. Plaintiff was not forced to accept defendant's terms, for there were other private and public schools available to educate the child. The clause providing the tuition payments would be non-refundable is reasonable when considered in light of the expense to defendant in preparing to educate the

child and in reserving a space for him. The bargain was one that a reasonable person of sound judgment might accept. "Ordinarily, when parties are on equal footing, competent to contract, enter into an agreement on a lawful subject, and do so fairly and honorably, the law does not permit inquiry as to whether the contract was good or bad, whether it was wise or foolish." *Roberson v. Williams*, 240 N.C. 696, 700-01, 83 S.E.2d 811, 814 (1954). The contract is enforceable as written.

**[4]** Plaintiff next contends that the clause prohibiting the refund of any portion of the tuition paid is in the nature of a penalty rather than a provision for liquidated damages, and therefore cannot be enforced. It is well established that a sum specified in the contract as the measure of recovery in the event of a breach will be enforced if the court determines it to be a provision for liquidated damages, but not enforced if it is determined to be a penalty. *Knutton v. Cofield*, 273 N.C. 355, 160 S.E. 2d (1968). However, plaintiff's argument ignores the fact that there has been no breach of contract in this case. Both parties fully performed their obligations under the contract to the extent possible without the presence of the child in the school. Neither party promised that the child would attend. The non-refundable tuition provision was simply one term of the contract, not a measure of recovery in the event of a breach, thus the law of damages has no bearing upon this case.

**[5]** In paragraph five of his amended complaint, plaintiff alleged that after his former wife informed him that she did not intend to send the child to defendant school, plaintiff contacted Patsy Ballinger, headmistress of the school, who promised to refund to plaintiff the full tuition payment of $1,072.00. Before answering the other portions of plaintiff's complaint, defendant moved to strike the allegations of paragraph five. This motion was denied 19 September 1979 by an order which did not specify a time within which defendant was to reply to the allegations in that paragraph. On 25 September 1979 defendant filed an amended answer, for the first time denying the allegations of paragraph five. Plaintiff filed a motion to strike the amended answer on 27 September 1979, on the grounds that defendant failed to obtain permission of the court before filing the amended answer, in violation of G.S. 1A-1, Rule 15. Plaintiff's motion was allowed 16 October 1979. Plaintiff therefore contends that since the allegations of paragraph five were never denied, they are deemed admitted under G.S. 1A-1, Rule 8(d). We

hold that the trial court erred in granting plaintiff's motion to strike defendant's amended answer, and therefore find plaintiff's argument without merit.

Defendant's motion to strike paragraph five of the complaint was made under the authority of G.S. 1A-1, Rule 12(f). G.S. 1A-1, Rule 12(a)(1)a provides that when the court denies a motion permitted under Rule 12, a responsive pleading may be served within 20 days after notice of the court's action. Defendant's amended answer, which was the first responsive pleading to paragraph five of the complaint, was filed well within the 20 day limit. Thus, although Rule 15(a) mandates that defendant could only amend his answer after obtaining the court's permission or plaintiff's written consent, Rule 12(a)(1)a expressly authorized defendant to file without permission those portions of his amended answer which were a responsive pleading to the paragraphs of the complaint subject to defendant's motion to strike. Consequently, the court's 16 October 1979 order granting plaintiff's motion to strike the amended answer was in error to the extent that it struck those portions which were responsive pleadings to the paragraphs of the complaint subject to defendant's motion to strike. The allegations in paragraph five of the complaint were properly denied by defendant's amended answer, and plaintiff's arguments to the contrary are without merit.

[6] However, we find that by his allegation that Ms. Ballinger agreed to refund the tuition paid, plaintiff raised an issue of fact sufficient to avoid the entry of summary judgment against him. If Ms. Ballinger did agree to refund plaintiff's payment, her agreement would constitute an enforceable modification of the provision of the contract prohibiting a refund. Where, as in this case, a contract has been partially performed, an agreement to alter its terms is treated as any other contract and must be supported by consideration. *Wheeler v. Wheeler*, 299 N.C. 633, 263 S.E. 2d 763 (1980); *Lenoir Memorial Hospital, Inc. v. Stancil*, 263 N.C. 630, 139 S.E. 2d 901 (1965). In return for defendant's promise to refund the tuition paid, plaintiff would relinquish his right to have his child educated in defendant school. Defendant received a benefit in being relieved of the responsibility to teach the child for the school year. It is well established that any benefit, right, or interest bestowed upon the promisor, or any forbearance, detriment, or loss undertaken by the promisee, is sufficient consideration to support a contract.

*Carolina Helicopter Corp. v. Cutler Realty Co.*, 263 N.C. 139, 139 S.E. 2d 362 (1964); 17 C.J.S. *Contracts* § 74 (1963). We believe that there was consideration sufficient to support an agreement by Ms. Ballinger to refund plaintiff's payment, if such an agreement was made. Whether such an agreement was reached is a material fact to be determined by the jury. Summary judgment is properly granted only if all the evidence before the court indicates that there is no genuine issue as to any material fact and that one party is entitled to judgment as a matter of law. The burden of establishing the absence of any triable issue of fact is on the party moving for summary judgment. *Econo-Travel Motor Hotel Corp. v. Taylor*, 301 N.C. 200, 271 S.E. 2d 54 (1980); *Middleton v. Myers*, 299 N.C. 42, 261 S.E.2d (1980); 108 G.S. 1A-1, Rule 56(c). Plaintiff failed to meet his burden to prove, as a matter of law, that an enforceable agreement to refund his payments existed. Hence, the trial court erred in granting plaintiff's motion for summary judgment. Likewise, defendant did not prove, as a matter of law, that no agreement to refund plaintiff's payment was made, and that portion of the Court of Appeal's opinion which remanded to the trial court for entry of summary judgment in favor of defendant was also in error.

For the reasons stated, we reverse the decision of the Court of Appeals and remand to that court with instructions to remand to the District Court, Guilford County, for a

New trial.

Justice MEYER did not participate in the consideration or decision of this case.