JAMES W. COTHRAN, H. LAWTON COTHRAN AND RISDEN A. LYON v. TILDON EVANS

No. 8120SC574

(Filed 16 March 1982)

Agriculture § 12— lease of tobacco allotment valid

Where plaintiffs signed a Record of Transfer of Allotment, pursuant to the Rules of the Agriculture Adjustment Act of 1938, they agreed to be bound by its terms and thereby to subordinate their lien on their farm to the lease of defendant. Although their farms were foreclosed in 1979, the sale did not extinguish defendant's lease of the allotments, and plaintiffs, as the present record owners of the farms, are not entitled to exercise the farms' tobacco allotment until the expiration of the lease in 1982.

APPEAL by plaintiffs from *DeRamus, Judge.* Judgment entered 2 April 1981 in Superior Court, MOORE County. Heard in the Court of Appeals 3 February 1982.

Plaintiffs appeal from an order of summary judgment in favor of defendant.

The following evidence is undisputed. In 1975, plaintiffs conveyed two farms in Moore County to Whispering Pines, Inc., which returned to plaintiffs a purchase money note and a deed of trust. The deed of trust was recorded.

In December 1977, Whispering Pines, Inc., and defendant entered into a five-year lease of the flue-cured tobacco allotment on the two farms: number 07188 for 1.07 acres and 1,555 lbs., and number 07182 for 4.58 acres and 8,010 lbs. The lease with option to purchase provided:

"If for any reason Lessor [Whispering Pines, Inc.] should lose the title to the property where the tobacco allotment is located or for any reason be unable to legally lease the tobacco allotment for any period during the term of this lease, Lessor shall promptly repay Lessee [Tildon Evans] on a pro rata basis for any unexpired term of said lease."

Defendant duly recorded the lease.

In April of 1978, Whispering Pines, Inc. was delinquent in its note payments to plaintiffs. It asked plaintiffs to agree to a lease of the farms' tobacco allotment to defendant. Upon investigation,

plaintiffs' attorney discovered the already recorded lease. Plaintiffs decided to agree to the transfer, understanding that the rental payments would be applied to the delinquent interest owed them by Whispering Pines, Inc. Acting through their attorney-in-fact, they signed a Record of Transfer of Allotment required by the Agricultural Stabilization and Conservation Service. The form provided that plaintiffs, as signing mortgagees, agreed to a five-year lease between Whispering Pines, Inc. and defendant of 4.58 acres with a marketing quota of 8,010 lbs. The lease was to expire in 1982.

In 1979, the deed of trust on the two farms was foreclosed. Plaintiffs were the successful bidders and are now record owners of the farms. They requested defendant to vacate the land after the harvest of his 1979 crops. Defendant has refused to do so.

Plaintiffs initiated this action to obtain a money judgment for the value of the tobacco allotment for 1980 and an injunction ordering defendant to transfer the tobacco allotment back to plaintiffs. Defendant moved for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure. On the basis of evidence presented in the pleadings and affidavits, the court granted defendant's motion.

*Johnson, Patterson, Dilthey and Clay, by Richard T. Boyette, and Page, Neville and Dedmond, by Richard E. Dedmond, for plaintiff appellants.*

*J. Gates Harris, for defendant appellee.*

VAUGHN, Judge.

Plaintiffs argue that the court erred in granting summary judgment in favor of defendant. We disagree.

Summary judgment is properly granted only if all the evidence before the court indicates that there is no genuine issue as to any material fact and that one party is entitled to judgment as a matter of law. *Brenner v. School House, Ltd.,* 302 N.C. 207, 274 S.E. 2d 206 (1981). In the present cause, the material facts concern the lease between Whispering Pines, Inc. and defendant, the Record of Transfer of Allotments, and plaintiffs' present posi-

tion as title owners of the land. There is no disagreement between the parties as to these facts.

Plaintiffs contend there is an issue of fact concerning their intent in signing the Record of Transfer form. Plaintiffs' complaint, however, does not allege misrepresentation or mistake. We conclude that there is no genuine issue as to any material fact.

We next decide whether defendant proved he was entitled to judgment as a matter of law. Plaintiffs contend that the lease is subject to the general rules regarding priority of deeds of trust over subsequent conveyances. Since the lease was recorded subsequently to plaintiffs' recorded mortgage and deed of trust, plaintiffs argue it was a junior lien extinguished by the sale on foreclosure.

Tobacco allotments, however, are not within the purview of North Carolina's registration statutes concerning prior encumbrances. *Hart v. Hassell,* 250 F. Supp. 893 (E.D.N.C. 1966). Transfers of the acreage allotments are governed by Part I, Section B, Subchapter II, of the Agricultural Adjustment Act of 1938, 7 U.S.C. §§ 1311-1316. 7 U.S.C. § 1313(d) (1976) explicitly states that "[f]arm marketing quotas may be transferred only in such manner and subject to such conditions as the Secretary [of Agriculture] may prescribe by regulations." The statute is a valid exercise of Congress' commerce powers. Whenever state and federal regulations seek to control the same subject matter, the Congressional regulations are dominant. *Currin v. Wallace,* 306 U.S. 1, 11, 59 S.Ct. 379, 385, 83 L.Ed. 441, 449 (1938).

7 U.S.C. § 1314b permits the owner of a farm for which a tobacco acreage allotment is established, to lease all or part of such allotment to any other owner or operator of a farm in the same county having a current tobacco allotment of the same kind. The lease may not exceed five years and must comply with other regulations prescribed by the Secretary.

Pursuant to his authority, the Secretary has promulgated 7 C.F.R. § 725.72 (1981), a regulation concerning the transfer of acreage and farm marketing quotas of flue-cured tobacco. 7 C.F.R. § 725.72(c)(2) provides:

"No lease of any quota under this section shall become effective until a record of transfer, determined by the county com-

mittee to be in compliance with the provisions of this section, has been executed on Form ASCS-375 and filed within the time periods prescribed in this section, with the county committee in the county where the farms are administratively located."

In the present cause, the recorded December 1977 lease between Whispering Pines, Inc. and defendant was within the five-year limitation of 7 U.S.C. § 1314b. The parties, however, did not file the required Form ASCS-375. Acreage allotments cannot be affected by bargains between individual farm owners. *McClung v. Thompson*, 401 F. 2d 253, 256 (8th Cir. 1968). We, therefore, conclude that the 1977 lease between Whispering Pines, Inc. and defendant was ineffective.

In 1978, the parties did comply with 7 C.F.R. § 725.72(c)(2). Whispering Pines, Inc. and defendant signed a Record of Transfer of Allotment of 4.58 acres with a marketing quota of 8,010 lbs. Because the transfer was a five-year lease, however, federal regulations also required the written consent of plaintiffs: "No transfer of allotment other than by annual lease shall be made from a farm subject to a mortgage or other lien unless the transfer is agreed to in writing by the lienholder." 7 C.F.R. § 725.72(o).

The consent of the farms' lienholder is necessary in order to subordinate the property lien to the contemplated transfer. Tobacco allotments do not belong to individuals, but run with the land. *McClung v. Thompson, supra; Williamson v. Holland,* 232 F. Supp. 479 (E.D.N.C. 1963). Signing is voluntary, however. A lienholder may choose not to consent to the transfer and thus to limit the conveyance to an annual lease.

In the present cause, plaintiff mortgagees signed the Record of Transfer. They agreed to be bound by its terms and thereby to subordinate their lien on the farm to the lease to defendant. This five-year lease became effective on 13 April 1978 when the transfer of the tobacco allotment was approved by the County Committee of Moore County. Although the farms were foreclosed in 1979, the sale did not extinguish defendant's lease. Plaintiffs, as the present record owners of the farms, are not entitled to exercise the farms' tobacco allotment until the expiration of the lease in 1982.

Plaintiffs argue that if their signing the Record of Transfer constituted a consent to the lease, the transfer is nevertheless ineffective against them because they received no consideration for that consent. The argument is without merit. Among other things, the signed Record of Transfer recites that consideration has been received, and we need not inquire into the adequacy of that consideration. *Jewel Box Stores v. Morrow*, 272 N.C. 659, 666, 158 S.E. 2d 840, 845 (1968).

We conclude that defendant was entitled to a judgment as a matter of law.

The motion for summary judgment was properly granted.

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.