W. E. CANIPE, J. W. GRIMES, C. L. OWENS, EUGENE RUSHING, M. F. BARNES AND E. O. BROOKS v. B. C. ABERCROMBIE, CHIEF OF POLICE OF MECKLENBURG COUNTY; LAWRENCE W. HEWITT, CHAIRMAN, AND W. L. NAHRGANG AND B. B. DeLAINE, MEMBERS OF THE CIVIL SERVICE BOARD OF MECKLENBURG COUNTY; D. G. LUTRICK AND B. M. JOHNSTON

No. 8126SC1128

(Filed 20 July 1982)

Municipal Corporations § 9.1; Public Officers § 2— selection of assistant chief of police—competitive examination not required

 Civil service statutes and regulations did not require a competitive examination for promotions to the position of assistant chief of the Mecklenburg County Police Department.

APPEAL by defendants from *Burroughs, Judge.* Judgment entered 21 July 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 8 June 1982.

This case involves the validity of civil service promotions made without the benefit of contemporaneous competitive examination.

The facts of the present action are not in dispute. In 1973, the Mecklenburg County Police Department was reorganized to include the ranks of chief, assistant chief, captain, lieutenant and sergeant. In June of 1980, the Civil Service Board appointed B. C. Abercrombie as chief. There existed two vacancies at the level of assistant chief. The Civil Service Board decided to fill the vacancies from among the eight captains then in the Mecklenburg County Police Department. Plaintiffs were among those considered.

On 8 September 1980, Abercrombie, as instructed by the Board, recommended the two men who he believed to be best qualified for the position. The Board approved his recommendations. Plaintiffs were not selected.

Plaintiffs allege that the promotional process utilized by Abercrombie and the Civil Service Board violated established procedures governing promotions within the Mecklenburg County Police Department. They allege that those procedures required a selection based on competitive examination. In their complaint, plaintiffs sought an order vacating the promotions of Lutrick and Johnston to the rank of assistant chief and an injunction enjoining defendants from further promotions except consequent to a competitive testing procedure.

Both parties moved for summary judgment. After a consideration of the pleadings, exhibits and affidavits, the court concluded that plaintiffs were entitled to judgment as a matter of law, and granted the relief sought in the complaint.

*Charles E. Knox and John S. Freeman, for plaintiff appellees.*

*James O. Cobb and Francis W. Sturges, for defendant appellants.*

VAUGHN, Judge.

Since the parties are in agreement as to the facts, the issue on appeal is whether plaintiffs were entitled to judgment as a matter of law. *Brenner v. School House, Ltd.*, 302 N.C. 207, 274 S.E. 2d 206 (1981). Plaintiffs contend that both statute and regulation require that promotions to the position of assistant chief be filled pursuant to competitive examination. We disagree.

We first examine Chapter 398 of the 1973 North Carolina Public Session Laws, which governs the relationship between the Civil Service Board of Mecklenburg County and the Mecklenburg County Police Department. Section 5 of the chapter provides that all applicants for positions on the police force must take an examination given by the Civil Service Board: "Said examination shall relate to those matters which will fairly test the relative ability of the person examined to discharge in a proper fashion the duties of the position to which he seeks to be appointed, and shall include tests of physical, mental and moral qualifications. . . ." Any qualified voter of Mecklenburg County who has a high school level education and is at least 21 years of age is eligible to apply for a position. Civil Service Rules and Regulations, ch. 1.

The parties to the present action agree that section 5 applies only to persons seeking original entry into the police department. Their conclusion is supported by language in the Civil Service Rules and Regulations which refers to newly appointed applicants as "recruits." *Id.*

The statute which plaintiffs argue, and the court concluded, requires competitive examination of persons seeking promotion is section 7 of Chapter 398. The statute provides the following:

> "The Civil Service Board shall prepare and keep a register of persons successfully passing examinations given by the Board for appointments and promotions, such persons to be graded according to their respective showing upon said examination. The Chief of Police shall recommend to the Civil Service Board who shall approve appointments to vacancies and promotions which occur in the department on a basis of the written, oral, moral, and physical examinations so given. . . ."

We disagree with the construction given by plaintiffs and the court. There is no language in section 7 which mandates a competitive examination—in any situation. Section 7 merely states the responsibility of the Civil Service Board should such examinations be given.

As stated earlier, section 5 of Chapter 398 does mandate physical, mental and moral examination of all applicants for appointment. In the construction of legislation, parts of the same statute dealing with the same subject must be interpreted as a whole. *Comr. of Insurance v. Automobile Rate Office*, 294 N.C. 60, 241 S.E. 2d 324 (1978). We conclude, therefore, that when section 7 refers to "written, oral, moral, and physical examinations" given for appointments, it is referring to the entry examinations of section 5. The Civil Service must keep an eligibility register of persons who have successfully passed those examinations and must base any appointments to positions in the police department on the examination ratings.

We find no section of Chapter 398, however, which requires competitive examination for promotion. Therefore, when section 7 refers to examinations in that situation, it is addressing examinations which the Civil Service Board, in its discretion, has mandated through its rules and regulations.

Chapter III of the Civil Service Rules and Regulations is entitled "Promotion" and provides the following:

"A. Promotions will be recommended by the Chief of Police through an approved process for each rank within the department for approval by the Civil Service Board.

B. The procedures for promotion will be outlined in the departmental personnel policies."

Again, there is no requirement for competitive examinations. The only mandate in the Civil Service rules is that promotion be based on "an approved process."

The "approved process" for promotion to sergeant and captain is outlined in the Mecklenburg County Police Department's personnel policies. Only officers with three years of experience are eligible for consideration. Promotion is based on the candidate's resume, score on a written examination, promotional potential rating and oral interview.

There is no procedure outlined in the department's personnel policies concerning promotions to assistant chief. According to an affidavit submitted by Abercrombie, however, the department does not administer written examinations in connection with these promotions: "[I]t was felt that the Chief should have considerable discretion in recommending people for these positions because of the immediate professional relationship involved."

The Civil Service Board evidently approved of this unwritten promotion policy as early as 1973. In that year, the positions of assistant chiefs were created, and defendant Abercrombie was promoted by the Board to one of the vacancies. No written examination in connection with the promotion was administered. More recently, the Civil Service Board approved the promotions of Lutrick and Johnston without the benefit of a competitive examination.

Courts allow civil service boards wide discretion in the performance of their duties. In the exercise of that discretion, the Civil Service Board of Mecklenburg County has chosen to approve department policies which require written examination for promotions to sergeant and captain but do not require examination for promotion to assistant chief.

There is no evidence of abuse in the Board's decision. The omission of a competitive examination for promotion to assistant chief violates neither statute nor regulation. Furthermore, promotions to assistant chief are not arbitrary. In the instant case, due consideration was given to the eligible officers' education, training, and performance. Since defendants Lutrick and Johnston were promoted according to valid "approved process," the court's order entering summary judgment in favor of plaintiffs is reversed.

Reversed.

Judges MARTIN (Harry C.) and HILL concur.