**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VOYAGER COMMUNICATIONS V,
INCORPORATED,
<u>Plaintiff-Appellant,</u>

v.                                                                    No. 96-2319

HMW COMMUNICATIONS,
INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CA-96-371-5-BR-3)

Argued: May 9, 1997

Decided: June 23, 1997

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
FABER, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas W. Steed, Jr., Raleigh, North Carolina, for
Appellant. T. Ray Guy, WEIL, GOTSHAL & MANGES, L.L.P., Dal-
las, Texas, for Appellee. **ON BRIEF:** Pamela S. Francis, WEIL,
GOTSHAL & MANGES, L.L.P., Dallas, Texas; Catharine Arrowood,

Melanie Dubis, PARKER, POE, ADAMS & BERNSTEIN, L.L.P., Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The diversity case involved application of North Carolina law. There was a contract covering the sale of two radio stations between Voyager Communications ("Seller") and HMW ("Buyer"). The contract included a provision under which the Buyer, after the sale, could holdback part of the purchase price if the station did not reach a certain ratings level. The contract also provided that if there was a holdback from the Seller, the Seller would be entitled to a rebate of part of the holdback if the station's ratings increased above a certain level in the next ratings period. Such an increase did not occur and the Seller sought payment of part of the holdback, nevertheless, asserting that the requisite increase would have occurred but for an antenna failure causing the station to operate at only 20% of its power. The Seller argues that it is entitled to the rebate due to frustration of purpose.

The district court, under Fed. R. Civ. P. § 12(b)(6), treating all allegations of the complaint as true, dismissed it for failure to state a claim.

The Seller's reliance on the doctrine of commercial frustration and failure of presupposed conditions is misplaced. The law of North Carolina controls and it provides that frustration is to be used in a defensive, not an offensive manner. Brenner v. Little Red School House, 274 S.E.2d 206, 209 (N.C. 1981); see also Fraver v. North Carolina Farm Bureau Mutual Ins. Co., 318 S.E.2d 340, 343 (N.C. App. 1984)(the doctrine of frustration of purpose operates to excuse performance of a contract, not to compel performance by the other party.).

2

Here, the Seller of the radio station seeks to compel performance not to excuse performance. The risk of antenna failure was foreseeable and the Seller failed to provide for it in the sales contract and so assumed the risk.

Accordingly, the judgment is

<u>AFFIRMED</u>.

3