**IN RE WHITTINGTON**

[129 N.C. App. 259 (1998)]

IN THE MATTER OF APPEAL OF WILLIAM W. WHITTINGTON, TAXPAYER, FROM THE SCHEDULE OF VALUES ADOPTED BY LENOIR COUNTY BOARD OF COMMISSIONERS FOR THE 1997 COUNTY WIDE REAPPRAISAL

No. COA97-279

(Filed 7 April 1998)

**Taxation § 82 (NCI4th)— property tax—farm—tobacco allotment—factor to be considered**

Although the County argues that changes regarding the severable nature of tobacco allotments from land dictate a different result, the Court of Appeals is bound by precedent establishing tobacco allotments as a factor to be considered when valuing real property for taxation purposes.

Appeal by Lenoir County Board of Commissioners from the Final Decision entered 10 December 1996 by the North Carolina Property Tax Commission, sitting as the State Board of Equalization and Review. Heard in the Court of Appeals 5 January 1998.

Taxpayer William W. Whittington appealed from the Lenoir County Board of Commissioners order adopting the schedule of values, rules, and standards for the 1997 county wide reappraisal. Contending that failure to include tobacco crop allotments in the county's schedule of values violated N.C. Gen. Stat. § 105-274, he asserted that taxpayers would be forced to pay higher taxes due to the omission of tobacco crop allotments from the tax base.

The Property Tax Commission ordered the Board of Commissioners to consider tobacco crop allotments as one of the elements of value in adopting the county's 1997 schedule of values, standards, and rules, and to apply the appropriate value for tobacco crop allotments in accordance with the 1997 Use-Value Manual. The Board of Commissioners filed notice of appeal to this Court.

*Griffin & Griffin, by Thomas B. Griffin, for respondent appellant.*

*No brief filed on behalf of William W. Whittington, taxpayer appellee.*

ARNOLD, Chief Judge.

The significant issue before this Court is whether tobacco allotments must be considered as an element of value in appraising all

tracts of real property. Appellant contends that the Property Tax Commission, sitting as the State Board of Equalization and Review, erred in determining that tobacco allotments must be considered. We disagree.

Upon judicial review of a final order of the Property Tax Commission, "[i]ts orders with reference to such valuations and standards of value are final and conclusive, subject only to judicial review for errors of law or abuse of discretion." *In re King*, 281 N.C. 533, 540, 189 S.E.2d 158, 162 (1972).

This Court, in an earlier case, found a "clear legal obligation" to consider tobacco allotments as an element in the valuation and assessment of real property for taxation purposes. *Stocks v. Thompson*, 1 N.C. App. 201, 204, 161 S.E.2d 149, 152 (1968). In reaching this decision, the Court recognized that all real and personal property within the state is subject to taxation, absent an exemption. *Id.* When determining fair market value, "it is a matter of common and general knowledge that the fair market value of farms in the tobacco section of Eastern North Carolina is dependent to a very large degree upon the size of their tobacco allotments." *Garris v. Scott*, 246 N.C. 568, 575, 99 S.E.2d 750, 755 (1957). North Carolina law requires, in the context of taxation of real property, that an appraisal take into consideration:

> "at least its advantages and disadvantages as to location; zoning; quality of soil; waterpower; water privileges; dedication as a nature preserve; conservation or preservation agreements; mineral, quarry or other valuable deposits; fertility; adaptability for agricultural, timber-producing, commercial, industrial, or other uses; past income; probable future income; and *any other factors that may affect its value* except growing crops of a seasonal or annual nature."

N.C. Gen. Stat. § 105-317(a) (Cum. Supp. 1997) (emphasis added). We note that this statute was amended in 1985, effective in 1987, by deleting the former last sentence of subdivision (a)(1) which read "Acreage or poundage allotments for any farm commodity shall not be listed as a separate element for taxation in the appraisal and assessment of real property for ad valorem taxes, but may be considered as a factor in determining true value." The rationale behind requiring appraisal of real property at its true value is "to assure, as far as practicable, a distribution of the burden of taxation in proportion to the true values of the respective taxpayers' property holdings,

whether they be rural or urban." *In re King*, 281 N.C. at 539, 189 S.E.2d at 161.

The County argues, and not without logic, that changes regarding the severable nature of tobacco allotments from land itself dictate a different result. The applicable federal statute was amended in 1973 to enable "the owner of any farm to which a Flue-cured tobacco allotment or quota is assigned to sell, for use on another farm in the same county, all or any part of such allotment or quota to any person who is or intends to become an active Flue-cured tobacco producer." 7 U.S.C. § 1314 b(g) (1992).

We note that following amendment of the federal statute allowing tobacco allotments to be conveyed separately from the land, this Court still recognized that "[t]obacco allotments do not belong to individuals, but run with the land." *Cothran v. Evans*, 56 N.C. App. 431, 434, 289 S.E.2d 398, 400, *disc. review denied*, 305 N.C. 759, 292 S.E.2d 575 (1982). It is an issue per chance that will not be resolved except upon proper review by the North Carolina Supreme Court or the General Assembly.

Upon review, "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). In this case, therefore, we are bound by precedent establishing tobacco allotments as a factor to be considered when valuing real property for taxation purposes.

Affirmed.

Judges MARTIN, John C., and SMITH concur.