Carter v. N.C. State Bd. for Professional Engineers

28. In 1985 when the Department of Transportation surveyed the plaintiff's property and existing N.C.S.R. 1195, it had difficulty in locating old irons and points of plaintiff's boundaries and had difficulty establishing the old road location.

Applying *Taylor, Costin,* and *Harris & Gurganus, supra,* to the foregoing findings of fact, we hold that they are sufficient to support the court's conclusion of laches.

Accordingly, we affirm that portion of the order concluding that plaintiff's claim is barred by laches.

Affirmed.

Judges ARNOLD and ORR concur.

---

JOHN M. CARTER, PLAINTIFF v. N. C. STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS & LAND SURVEYORS; AND GEORGE T. PARIS, CHAIRMAN; AND MONTGOMERY T. SPEIR, EXECUTIVE SECRETARY

No. 8610SC1345

(Filed 7 July 1987)

1. **Appeal and Error § 6.3— subject matter jurisdiction—absence of exceptions— issue properly raised on appeal**

Notwithstanding the absence of exceptions properly set out in the record on appeal, a party may present for review the question of subject matter jurisdiction by raising the issue in his brief.

2. **Appeal and Error § 7; Professions and Occupations § 1— land surveyor's practices—complaint from fellow surveyor dismissed—standing to appeal—surveyor not aggrieved party**

Plaintiff was not an aggrieved party and therefore had no status to petition for judicial review of defendant's action in dismissing charges by plaintiff that a named land surveyor had used substandard surveying practices, since plaintiff's own status as a registered land surveyor was not directly or indirectly affected by defendant's action with respect to the accused land surveyor; plaintiff's dispute with the adjoining property owner over the location of the boundary would not be affected by defendant's decision as to whether or not it would pursue disciplinary proceedings against the accused surveyor; and any decision of defendant in regard to plaintiff's charges could not adversely affect plaintiff's legal rights or interests.

---

Carter v. N.C. State Bd. for Professional Engineers

---

3. **Mandamus § 4— investigation of registered land surveyor — complainant not entitled to mandamus**

    Plaintiff was not entitled to a writ of mandamus to compel defendant board to conduct a hearing on charges brought by plaintiff against a fellow registered land surveyor where there was no dispute with respect to the fact that defendant investigated the charges and exercised its judgment in determining whether they were of such a nature as to require a hearing or whether the charges should be dismissed, and defendant thus performed the duty required of it by N.C.G.S. § 89C-22(b).

ON certiorari to review judgment of *Brannon, Judge*. Judgment entered 7 May 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 2 June 1987.

*Everett, Hancock, Nichols & Calhoun, by M. Jackson Nichols, for plaintiff appellant.*

*Bailey, Dixon, Wooten, McDonald, Fountain & Walker, by Wright T. Dixon, Jr., for defendants appellees.*

MARTIN, Judge.

Plaintiff brought this civil action seeking a writ of mandamus to compel defendants to perform duties allegedly required of them by statute. Upon motion of defendants made pursuant to G.S. 1A-1, Rules 12(b)(1) and 12(b)(6), the trial court entered judgment dismissing the action. Plaintiff's petition for writ of certiorari to review the judgment was granted by this Court. We affirm the judgment of the trial court.

I

In the record on appeal filed by plaintiff, five assignments of error are listed, each of which is followed by a correspondingly numbered exception together with the reference "(R p___)." However, there are no exceptions set out in the record on appeal as required by App. R. 10(b)(1) which provides, in part, that "[e]ach exception shall be set out immediately following the record of judicial action to which it is addressed." Exceptions which are not set out as provided by the rule may not be made the basis of an assignment of error, App. R. 10(a), and "exceptions which appear nowhere in the record except in the assignments of error will not be considered on appeal." *State v. Lampkins*, 283 N.C. 520, 526, 196 S.E. 2d 697, 700 (1973). In addition, plaintiff has disregarded

the mandatory requirements of App. R. 28(b)(5), which requires that each question presented in the brief be followed by "a reference to the assignments of error and exceptions pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record."

[1] Ordinarily, a failure to comply with the Rules of Appellate Procedure subjects an appeal to dismissal. *Wiseman v. Wiseman*, 68 N.C. App. 252, 314 S.E. 2d 566 (1984). In the present case, however, dismissal of plaintiff's complaint was based, in part, upon the trial court's conclusion that it was without subject matter jurisdiction. Notwithstanding the absence of exceptions properly set out in the record on appeal, a party may present for review the question of subject matter jurisdiction by raising the issue in his brief. App. R. 10(a). In his brief, plaintiff contends that the trial court has jurisdiction of this action and that it erred by granting defendants' Rule 12(b)(1) motion for dismissal. Accordingly, we will consider the issue of subject matter jurisdiction to be properly before us and, exercising the discretion granted us by App. R. 2, will review the merits of this appeal notwithstanding appellant's rules violations.

## II

The North Carolina State Board of Registration for Professional Engineers and Land Surveyors (Board) is a statutorily created body charged with the duty of administering the provisions of Chapter 89C of the North Carolina General Statutes, "The North Carolina Engineering and Land Surveying Act"; defendants Paris and Speir are, respectively, its chairman and executive secretary. On or about 13 February 1985, plaintiff delivered to the Board information concerning a survey made of certain land in Rockingham County by Kenneth Vaughn, a registered land surveyor. Plaintiff, who is also a registered land surveyor and professional engineer, owns land which adjoins that surveyed by Vaughn. The material was accompanied by a letter addressed to the Board in which plaintiff stated: "The information is provided for your use to consider whether the methods used by Mr. Vaughn to survey the land . . . comply with the Standards of Practice approved by your Board." In an attachment to the letter, plaintiff pointed out several alleged deficiencies in the Vaughn survey.

The documents were referred to a Review Committee of the Board and an investigation of plaintiff's allegations was conducted. On 30 May 1985, the Review Committee reviewed the case, concluded that there was insufficient evidence to support a charge of incompetence, gross negligence, or misconduct against Vaughn, and recommended that the case be closed. The recommendation of the Review Committee was approved by the Board. Defendant Speir notified plaintiff of the Board's action by letter dated 17 June 1985. Following a voluminous amount of correspondence about the matter between plaintiff, his attorney, various elected officials of the State, and defendants, plaintiff commenced the present action on 18 December 1985. Plaintiff alleged that the Board's action in closing the case without conducting a hearing with respect to his complaint against Vaughn was arbitrary, capricious, and in violation of the Board's statutory duty. He sought issuance of "a writ of mandamus according to the course and practice of the Court, requiring and compelling the Defendants to conduct a hearing" on his complaint against Vaughn, and an order permitting him to intervene in the hearing pursuant to G.S. 150A-23(d).

Defendants moved to dismiss the complaint pursuant to G.S. 1A-1, Rules 12(b)(1) and 12(b)(6). Upon hearing the motions to dismiss, the trial court apparently treated the complaint as a petition for judicial review of an administrative decision pursuant to Article 4 of Chapter 150A of the General Statutes (amended and recodified as G.S. 150B, Art. 4, effective 1 January 1986) and concluded that, although the Board's action in closing the case was the functional equivalent of a finding that plaintiff's charges against Vaughn were unfounded, the Board had not technically complied with G.S. 89C-22(b), which requires that all charges filed with the Board be heard unless dismissed by the Board as "unfounded or trivial." An order was entered remanding the matter to the Board for consideration *de novo* of plaintiff's charges against Vaughn and action with respect thereto as required by G.S. 89C-22(b). The trial court ordered that a copy of the Review Committee's recommendation and a copy of the Board's action taken on the recommendation be filed with the court.

Upon remand, the Review Committee reconsidered plaintiff's charges against Vaughn and submitted to the Board a written recommendation that the charges be dismissed as unfounded. The

recommendation was considered by the Board at a meeting on 13 March 1986 and, after a presentation by plaintiff and his attorney, the Board voted to dismiss the charges against Vaughn as "unfounded." A report of the Board's action was submitted to the trial court.

At a subsequent hearing on defendants' motions to dismiss, the trial court reviewed the Board's report and permitted the parties to call witnesses and offer evidence. At the conclusion of the hearing, the trial court dismissed the action. The court concluded that plaintiff is not an "aggrieved" person as defined in the then applicable Administrative Procedure Act, G.S. 150A, and that the court was therefore without subject matter jurisdiction to judicially review the Board's action. The court also concluded, as a separate ground for dismissal of the action for mandamus, that "the pleadings show on their face that the Board received, investigated, considered and did not abuse its discretion in refusing to conduct a hearing, . . . thus leaving no issue to be determined . . . and the matter should be dismissed under Rule 12(B)(6) [sic]."

## III

[2] Plaintiff did not expressly petition for judicial review of an agency decision pursuant to G.S. 150A, Article 4, however, it is apparent from the record that the parties and the trial court considered the complaint as such a petition, and, on appeal, plaintiff contends that the action was properly before the superior court for review of the Board's decision. He assigns error to the court's conclusion that it was without subject matter jurisdiction to judicially review the Board's action because plaintiff is not "aggrieved" as that term is defined by G.S. 150A-2(6). He contends that he has status to petition for judicial review of the Board's action as an "aggrieved party": (1) because he is the complainant against Vaughn and suffered "procedural injury" by the denial of a hearing on the charges which he preferred; (2) because "he has legal interests as a property owner who was adversely affected by" Vaughn's allegedly improper survey; and (3) because, as a surveyor, he is required to comply with the Board's rules. We are not persuaded by his argument.

G.S. 89C-22(d) provides that a registrant who is aggrieved by a final decision of the Board in a disciplinary matter may appeal for judicial review as provided by G.S. 150A, Article 4. G.S. 150A-

43 establishes the requirements for judicial review of an agency decision. The statute requires that: (1) the plaintiff seeking review must be an aggrieved party; (2) there must be a final agency decision; (3) the decision must result from a contested case; (4) the plaintiff must have exhausted all administrative remedies; and (5) there must be no other adequate procedure for judicial review. *Dyer v. Bradshaw*, 54 N.C. App. 136, 282 S.E. 2d 548 (1981). Whether one has standing to obtain judicial review of an administrative decision is a question of subject matter jurisdiction. *Poret v. State Personnel Commission*, 74 N.C. App. 536, 328 S.E. 2d 880, *disc. rev. denied*, 314 N.C. 117, 332 S.E. 2d 491 (1985). G.S. 150A-2(6) defines "person aggrieved" as "any person, firm, corporation, or group of persons of common interest who are directly or indirectly affected substantially in their person, property, or public office or employment by an agency decision." Our Supreme Court has held that "person aggrieved" means "adversely affected in respect of legal rights, or suffering from an infringement or denial of legal rights." *In re Halifax Paper Co.*, 259 N.C. 589, 595, 131 S.E. 2d 441, 446 (1963).

By preferring charges that Vaughn had violated standards of conduct promulgated by the Board, plaintiff undertook to persuade the Board to initiate disciplinary proceedings against Vaughn. His stated motivation for filing the complaint was his understanding that he, as a registered land surveyor, had a duty to report to the Board the use, by other registered land surveyors, of substandard surveying practices. Plaintiff's own status as a registered land surveyor, however, was not directly or indirectly affected by the Board's action with respect to Vaughn. Neither would plaintiff's dispute with the adjoining property owner over the location of the boundary be affected by the Board's decision as to whether or not it would pursue disciplinary proceedings against Vaughn. Any decision of the Board in regard to plaintiff's complaint could not adversely affect plaintiff's legal rights or interests and he is, therefore, without standing as a "person aggrieved" to obtain judicial review of the Board's decision.

IV

[3] The primary relief sought by plaintiff in his complaint was the issuance of a writ of mandamus compelling the Board to conduct a hearing on the charges against Vaughn. Although plaintiff,

due to his violations of the appellate rules, has not properly preserved an exception to the dismissal of his action for mandamus, we have considered the arguments in his brief addressed to that issue.

In ruling upon defendants' motions to dismiss, the trial court considered not only the pleadings, but also affidavits, the Board's report, and the testimony of four witnesses presented at the hearing. Where matters outside the pleadings are presented to and considered by the court on a Rule 12(b)(6) motion to dismiss, the motion will be treated as one for summary judgment pursuant to Rule 56. G.S. 1A-1, Rule 12(b); *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). Summary judgment is appropriate where there are no triable issues of fact and one party is entitled to judgment as a matter of law. *Brenner v. The Little Red School House, Ltd.*, 302 N.C. 207, 274 S.E. 2d 206 (1981).

A writ of mandamus is "an order from a court of competent jurisdiction to a board, corporation, inferior court, officer or person commanding the performance of a specified official duty imposed by law." *Sutton v. Figgatt*, 280 N.C. 89, 93, 185 S.E. 2d 97, 99 (1971). "It will lie only against a party under present legal obligation to perform the act sought to be enforced, and only at the instance of a party having a clear legal right to demand performance, and then only when there is no other adequate remedy available." 8 Strong's North Carolina Index 3d, *Mandamus*, § 1 at 441-42. The statutory authority for the remedy of mandamus by civil action, formerly found in G.S. 1-511 *et seq.*, was repealed effective 1 January 1970, however, the remedy previously provided by the writ of mandamus remains available through the equitable remedy of mandatory injunction. *Sutton v. Figgatt, supra.* The substantive grounds for granting the relief requested as developed under former practice still control. *Fleming v. Mann*, 23 N.C. App. 418, 209 S.E. 2d 366 (1974).

G.S. 89C-22(b) provides:

All charges, unless dismissed by the Board as unfounded or trivial, shall be heard by the Board or hearing officer as provided under the requirements of Chapter 150A of the General Statutes.

According to the statute, the Board must conduct a hearing upon charges preferred against a registrant unless the Board determines the charges to be "unfounded or trivial" and dismisses them. The determination of whether charges are "unfounded or trivial" or are of sufficient substance to merit a disciplinary hearing is a decision necessarily committed to the sound discretion of the Board.

Mandamus will lie to require a board or tribunal to exercise its discretion, but not to direct or compel the manner in which such discretion or judgment should be exercised. *Stocks v. Thompson*, 1 N.C. App. 201, 161 S.E. 2d 149 (1968). Mandamus "will not lie where the act to be done involves the exercise of judgment and discretion." *Id.* at 203, 161 S.E. 2d at 152, *quoting* 2 McIntosh, N. C. Practice 2d, § 2445(3). In the present case, all of the evidence establishes that the Board, upon receipt of the charges made by plaintiff against Vaughn, referred the information to its review committee for investigation and evaluation. The review committee subsequently rendered a written recommendation concerning the charges which was considered and adopted by the Board. The Board then determined that the charges were unfounded and dismissed them. While the evidence discloses that plaintiff and one of his witnesses disagree with the Board's judgment, there is no dispute with respect to the fact that the Board investigated the charges and exercised its judgment in determining whether they were of such a nature as to require a hearing or whether the charges should be dismissed. The Board having performed the duty required of it by the statute, defendants were entitled, as a matter of law, to judgment dismissing plaintiff's complaint for mandamus.

The order of the trial court dismissing plaintiff's action is

Affirmed.

Judges BECTON and COZORT concur.