GEORGE A. BRYANT, Plaintiff v. NORTH CAROLINA STATE BOARD OF EXAMINERS OF ELECTRICAL CONTRACTORS, GARFIELD B. GWYN, WILLIAM T. EASTER, EDWARD H. MARROW, JR., J. MICHAEL SILVER, J. ALAN BARRINGER, WILLIAM H. ROBERTS, and WILLIAM R. HOKE, Defendants

No. 9210SC915

(Filed 7 September 1993)

1. **Mandamus § 10 (NCI4th) — writ of mandamus to compel Board to hold hearing — no right to contested case hearing — standing**

    The trial court properly dismissed an action to compel the N.C. State Board of Examiners of Electrical Contractors to apply for an administrative law judge to hear a case which the Board had determined that it was prohibited from hearing due to prior knowledge where plaintiff had filed a complaint with the Board pursuant to N.C.G.S. § 87-47(a3) and Title 21 of the N.C. Administrative Code alleging that another licensee had repeatedly violated Chapter 87 of the North Carolina General Statutes. The agency and the licensee against whom the charges are brought are the proper parties to a contested case and, therefore, the only parties who may insist on a hearing in this case. A writ of mandamus will be granted only to a party having a clear legal right to demand performance of an act and will not be granted to enforce an alleged right which is in doubt.

    **Am Jur 2d, Mandamus § 162 et seq.**

2. **Mandamus § 10 (NCI4th) — malfeasance and nonfeasance — not causes of action**

    The trial court did not err in dismissing causes of action for malfeasance and nonfeasance in an action in which plaintiff

sought to compel a hearing before an administrative law judge regarding allegations he had brought against another licensee. Nonfeasance and malfeasance are not in themselves recognized causes of action.

**Am Jur 2d, Mandamus § 162 et seq.**

**3. Attorneys at Law § 5 (NCI4th) — judgment of misconduct — claim dismissed**

The trial court did not err by dismissing a claim for a "judgment of misconduct" against an attorney based on violations of the Rules of Professional Conduct. Plaintiff's argument that the court's general disciplinary power over attorneys creates a cause of action in his favor was rejected.

**Am Jur 2d, Attorneys at Law §§ 28, 31.**

Appeal by plaintiff from order entered 10 July 1992 by Judge W. Steven Allen in Wake County Superior Court. Heard in the Court of Appeals 8 July 1993.

Plaintiff is licensed by the North Carolina State Board of Examiners of Electrical Contractors (the Board). On 11 January 1991, he filed a complaint with the Board pursuant to N.C. Gen. Stat. § 87-47(a3) and Title 21 of the N.C. Administrative Code alleging that another licensee had repeatedly violated Chapter 87 of the North Carolina General Statutes. The complaint was considered by the Board's Disciplinary Review Committee at its 6 May 1991 meeting. The Committee announced that it would present its recommendations to the full Board at the Board's next meeting.

Plaintiff disagreed with the Disciplinary Review Committee's recommendations and requested that the Board reject them. At its 8 June 1991 meeting, the Board determined that it was prohibited from holding a hearing on the complaint because the members were prejudiced by prior knowledge of the charges. Plaintiff then insisted that the Board apply for an administrative law judge to hear the case, but the Board never made the requested application. Plaintiff filed this action in superior court to compel the Board to apply for an administrative law judge.

Before filing an answer, defendants moved for dismissal. The court granted the motion and dismissed the action pursuant to N.C.R. Civ. P. 12(b)(6). From this order plaintiff appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General James E. Magner, Jr., for defendants.*

*George A. Bryant pro se.*

ARNOLD, Chief Judge.

[1] Chapter 87, Article 4 of the General Statutes governs electrical contractors in North Carolina and names the Board as the agency responsible for licensing contractors and overseeing the licensees' conduct. Chapter 87 also designates certain conduct which will subject an electrical contractor to penalties if the Board, in its discretion, decides to impose those penalties. N.C. Gen. Stat. § 87-47(a1)—(a2) (1989). The complaint plaintiff filed with the Board alleged that a licensee engaged in conduct proscribed by Chapter 87, and his first cause of action in the superior court complaint was a request for an order to compel the Board to apply for an administrative law judge to hold a hearing on the original complaint. He argues that pursuant to N.C. Gen. Stat. §§ 87-47 and 150B-40(e) he is guaranteed a right to a contested case hearing on those charges.

G.S. § 87-47(a3) provides in pertinent part that "[a]ny person may prefer charges against any applicant, qualified individual, or licensee . . . ." When the Board is unable to or declines to hear a contested case, N.C. Gen. Stat. § 150B-40(e) (1991) provides that "the agency shall apply to the Director of the Office of Administrative Hearings for the designation of an administrative law judge to preside at the hearing of a contested case under this Article." Plaintiff argues that because G.S. § 150B-40(e) states that the agency "shall" apply for an administrative law judge, his cause of action to compel the Board to apply for an administrative law judge was erroneously dismissed. For the reasons set out below, we conclude that plaintiff lacks standing to bring this action, and we affirm the trial court's order dismissing this cause of action.

We view this cause of action as a petition for a writ of mandamus through which plaintiff seeks to compel the Board to perform as required by Chapters 87 and 150B. A writ of mandamus will be granted only to a party having a clear legal right to demand performance of an act. *Carter v. State Bd. of Registration for Professional Engineers & Land Surveyors*, 86 N.C. App. 308, 314, 357 S.E.2d 705, 709 (1987). It enforces a legal right; it does not create one. *Ponder v. Joslin*, 262 N.C. 496, 504, 138 S.E.2d 143,

149 (1964). The writ will not be granted to enforce an alleged right which is in doubt. *Id.* Plaintiff, therefore, must have a legal right to a contested case hearing in order to avoid dismissal of this claim. We hold that he does not have that right.

G.S. § 87-47(a3) provides that any person may file a complaint with the Board, but it does not go so far as to bestow standing on any person to demand a contested case hearing. Plaintiff is not in the class of people which Chapter 150B contemplates bringing a contested case hearing. Contested case is defined as "an administrative proceeding pursuant to this Chapter to resolve a dispute between an agency and another person that involves the person's rights, duties, or privileges . . . ." N.C. Gen. Stat. § 150B-2(2) (1991). Plaintiff is not a person whose rights, duties, or privileges are at stake, and for that reason, he lacks standing to demand a contested case hearing. *See Carter*, 86 N.C. App. at 312-13, 357 S.E.2d at 708 (complainant who initiates disciplinary hearing against licensee is not an aggrieved party and therefore lacks standing to petition for judicial review of the board's decision). G.S. § 87-47(a3) only provides an avenue for lodging complaints against other licensees; it does not provide plaintiff the standing he lacks. Here we believe that the agency and the licensee against whom the charges are brought are the proper parties to a contested case and, therefore, the only parties who may insist on a hearing in this case.

This decision follows naturally from our decision in *Carter*. The plaintiff in *Carter* sought judicial review of a licensing board's decision that the complaint he filed against another licensee was unfounded. We determined that the plaintiff lacked standing to seek judicial review of the agency's decision because he was not an aggrieved person. Pursuant to *Carter*, plaintiff here would not have standing to seek judicial review of an administrative decision on his complaint, so it would be inconsistent to hold that he nonetheless has a right to demand that an administrative decision be reached. For these reasons, the trial court properly dismissed plaintiff's first cause of action.

[2] In plaintiff's second and third arguments, he contends that the court erred in dismissing the claims which he designated as causes of action for nonfeasance and malfeasance. In the complaint plaintiff described certain acts and omissions on the part of the individual defendants and requested, as relief, "judgment of

nonfeasance" and "judgment of malfeasance." Nonfeasance and malfeasance are not in themselves recognized causes of action, and plaintiff cites no law in support of his claims aside from the statutes or administrative rules which defendants allegedly ignored. These arguments have no merit.

[3] In his final argument, plaintiff contends that the court erred by dismissing his sixth claim for relief in which he requests "judgment of misconduct" against defendant Hoke, an attorney, for violating the Rules of Professional Conduct. We reject plaintiff's argument that the court's general disciplinary power over attorneys creates a cause of action in his favor, and we likewise reject plaintiff's entire argument on this issue.

The trial court's order dismissing plaintiff's complaint is affirmed.

Affirmed.

Judges COZORT and MARTIN concur.