**BATDORFF v. N.C. STATE BD. OF ELECTIONS**

[150 N.C. App. 108 (2002)]

GREGORY BRET BATDORFF, Plaintiff-appellant v. NORTH CAROLINA STATE BOARD OF ELECTIONS; CITIZENS FOR TRUTH IN ELECTIONS, a POLITICAL COMMITTEE; AND WAKE COUNTY BOARD OF EDUCATION, Defendant-appellees

No. COA01-304

(Filed 7 May 2002)

**1. Injunction— mandamus to compel Board investigation— quasi-judicial action—mandamus will not lie**

The trial court properly granted a Rule 12(b)(6) dismissal of a complaint seeking a mandatory injunction to compel the Board of Elections to conduct an evidentiary hearing on a complaint letter. A mandatory injunction is identical in purpose and function with a writ of mandamus, which cannot be invoked to control the discretion of a board when the act complained of is quasi-judicial, absent abuse of discretion. The Board of Elections is a quasi-judicial agency, it complied with its statutory duty and investigated this matter to the extent it deemed reasonably necessary, and there was no abuse of discretion.

**2. Elections— mandamus—action already taken in effect**

The trial court did not err by granting a Rule 12(b(6) dismissal of a complaint seeking an injunction to compel the Board of Elections to require a political committee "to file a full complete and accurate report" where the Board investigated and determined that no further investigation was required. The Board, in effect, determined that the reports were full, complete, and accurate.

Judge WALKER concurs.

Appeal by plaintiff from order dated 30 January 2001 by Judge James C. Spencer, Jr. in Superior Court, Wake County. Heard in the Court of Appeals 9 January 2002.

*Stam, Fordham & Danchi, P.A., by Paul Stam, for plaintiff-appellant.*

*Attorney General Roy Cooper, by Susan K. Nichols, Special Deputy Attorney General, for the State.*

*Tharrington Smith, L.L.P., by Michael Crowell, for defendant-appellee, Citizens for Truth in Elections.*

McGEE, Judge.

This action arises from the 1999 Cary town election. Four citizens formed a political committee, Citizens for Truth in Elections (Citizens for Truth), to support "slow growth" candidates in the Cary town elections. Gregory Bret Batdorff (plaintiff), a registered voter in Wake County, sent a letter of complaint dated 12 May 2000 to the North Carolina State Board of Elections (Board of Elections) alleging that Citizens for Truth had violated state campaign finance laws. Specifically, plaintiff alleged three violations: (1) contributions were made to Citizens for Truth by Craig Davis in the name of another person, in violation of N.C. Gen. Stat. § 163-278.14 (stating that "[n]o individual . . . shall make any contribution . . . in the name of another"), (2) contributions were made to Citizens for Truth by Roger Perry in the name of others, in violation of N.C. Gen. Stat. § 163-278.14, and (3) Citizens for Truth failed to report in-kind contributions it made to three candidates in the Cary City Council elections in violation of N.C. Gen. Stat. § 163-278.11(b) (stating that a treasurer's statement "shall reflect anything of value paid for or contributed by any person or individual, both as a contribution and expenditure"). Plaintiff's letter of complaint included approximately 130 pages of exhibits.

The Board of Elections investigated plaintiff's letter of complaint, including review of the exhibits submitted by plaintiff. The Board of Elections obtained affidavits from the four members of Citizens for Truth, in which they affirmed there had been no coordination of campaigns with Citizens for Truth, nor any contributions beyond those reported in the campaign finance reports.

The Board of Elections also contacted Craig Davis for information regarding his contributions. In a letter dated 5 July 2000, Craig Davis stated that he made contributions in the names of his children. Citizens for Truth reimbursed the Board of Elections in the amount of $7,000 for the contributions Mr. Davis made in the names of his children.

Following a meeting to discuss plaintiff's letter of complaint, the Board of Elections issued a decision on 18 September 2000, stating that:

> THIS MATTER came on for hearing before the [Board of Elections] on July 19, 2000, on a complaint filed by Paul Stam, on behalf of Gregory Batdorff alleging violations of election finance laws pertaining to a political committee known as

[Citizens for Truth], citing various statutes . . . and requesting an investigation[.]

Paul Stam, representing Gregory Batdorff, appeared before the Board in support of his complaint. Michael Crowell, representing [Citizens for Truth], appeared on behalf of its members[.]

After consideration of the printed and oral information provided, the Chairman stated that the information was not sufficient evidence of violations of election laws to justify the request for a hearing, and upon motion duly made and seconded, the Board voted unanimously to deny the request.

Plaintiff filed a complaint in Wake County Superior Court dated 17 August 2000. In his complaint, plaintiff alleged in part that:

7. On or before July 19, 2000 the [Board of Elections] did, through its investigators, obtain some written information[.]

8. On July 19, 2000 the [Board of Elections] met and determined not to conduct an evidentiary hearing on plaintiff's complaint.

9. The documentary evidence before the [Board of Elections], together with evidence to be obtained by discovery in this action, demonstrates a reasonable probability that [Citizens for Truth] received (but did not so report) contributions in the name of another and in excess of the legal limitations in apparent violation of G.S. 163-278.14 and 168-278.13.

10. The documentary evidence before the [Board of Elections], together with evidence to be obtained by discovery in this action, demonstrates a reasonable probability that [Citizens for Truth] expended (but did not so report) funds as a coordinated campaign expenditure with Glen D. Lang in apparent violation of G.S. 163.278.11(b).

Plaintiff requested as relief that the trial court issue an injunction requiring that (1) the Board of Elections conduct an evidentiary hearing on his letter of complaint dated 12 May 2000 and (2) Citizens for Truth file "a full complete and accurate report required by statute as the facts may hereafter be determined." Plaintiff also asked the trial court to declare the last clause of N.C. Gen. Stat. § 163-278.14 unconstitutional. This declaratory judgment request was later dismissed by stipulation pursuant to a partial settlement agreement.

The Board of Elections and Citizens for Truth filed answers and motions to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Following a hearing, the trial court dismissed plaintiff's claim with prejudice pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted in an order dated 30 January 2001. Plaintiff appeals this order.

Plaintiff assigns as error the trial court's dismissal of his claim and argues that his complaint "provided a factual basis" for the equitable remedies requested. A motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. *Fuller v. Easley*, 145 N.C. App. 391, 397-98, 553 S.E.2d 43, 48 (2001) (citing N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2000)). When ruling on a motion to dismiss, "the trial court must take the complaint's allegation[s] as true and determine whether they 'are sufficient to state a claim upon which relief may be granted under some legal theory.' " *Fuller*, 145 N.C. App. at 397-98, 553 S.E.2d at 48 (quoting *Taylor v. Taylor*, 143 N.C. App. 664, 668, 547 S.E.2d 161, 164 (2001)).

## A. Injunction against the Board of Elections

**[1]** Plaintiff first requests in his complaint that the trial court issue an injunction requiring the Board of Elections to conduct an evidentiary hearing on plaintiff's letter of complaint dated 12 May 2000.

" 'A mandatory injunction, when issued to compel a board or public official to perform a duty imposed by law, is identical in its function and purpose with that of a writ of *mandamus*.' " *Ponder v. Joslin*, 262 N.C. 496, 504, 138 S.E.2d 143, 149 (1964) (quoting *Hospital v. Wilmington*, 235 N.C. 597, 601, 70 S.E.2d 833, 836 (1952)). "A writ of mandamus is 'an order from a court of competent jurisdiction to a board, . . . commanding the performance of a specified official duty imposed by law.' " *Carter v. N.C. State Bd. for Professional Engineers*, 86 N.C. App. 308, 314, 357 S.E.2d 705, 709 (1987) (quoting *Sutton v. Figgatt*, 280 N.C. 89, 93, 185 S.E.2d 97, 99 (1971)). "Mandamus will lie to require a board or tribunal to exercise its discretion, but not to direct or compel the manner in which such discretion or judgment should be exercised." *Carter*, 86 N.C. App. at 315, 357 S.E.2d at 709. Thus, "*mandamus* cannot be invoked to control the exercise of discretion of a board, officer, or court when the act complained of is judicial or *quasi*-judicial, unless it clearly appears that

there has been an abuse of discretion." *Ponder*, 262 N.C. at 504, 138 S.E.2d at 149.

Our General Statutes declare that the Board of Elections "shall be and remain an independent regulatory and quasi-judicial agency[.]" N.C. Gen. Stat. § 163-28 (1999). The Board of Elections has the "duty and power"

> (7) To make investigations *to the extent the Board deems necessary* with respect to statements filed under the provisions of this Article and with respect to alleged failure to file any statement required under the provisions of this Article, and, upon complaint under oath by any registered voter, with respect to alleged violations of any part of this Article; and

> (8) After investigation, to report apparent violations by candidates, political committees, referendum committees, individuals or persons to the proper district attorney as provided in G.S. 163-278.27.

N.C. Gen. Stat. § 163-278.22 (1999) (emphasis added). *See also* N.C. Gen. Stat. § 163-22(d) (1999) ("The State Board of Elections shall investigate when necessary or advisable . . . ."). A North Carolina registered voter may request the superior court "to issue injunctions or grant any other equitable relief appropriate to enforce the provisions of this Article[.]" N.C. Gen. Stat. § 163-278.28(a) (1999).

Plaintiff alleges in his complaint that there is a "reasonable probability" of campaign finance violations by Citizens for Truth; however, plaintiff does not dispute that the Board of Elections complied with the applicable statute by investigating the charges levied by plaintiff and exercising its judgment in unanimously determining no further action was required. The record establishes that the Board of Elections did in fact comply with its statutory duty. Upon receipt of plaintiff's 12 May 2000 letter of complaint, the Board of Elections investigated the matter by considering plaintiff's exhibits, as well as other evidence submitted by members of Citizens for Truth, and oral statements made during the 19 July 2000 meeting. We agree with the Board of Elections that it "has already conducted an investigation in this matter to the extent it reasonably and unanimously deemed necessary. [The Board of Elections] clearly was acting in its investigatory and quasi-judicial capacity when it determined that there was not a sufficient basis for further investigation."

Additionally, plaintiff does not allege in his complaint that the Board of Elections abused its discretion in not investigating the matter further, nor do we find an abuse of discretion from our review of the record. Plaintiff states in his brief that the evidence in the record "suggests it was a manifest abuse of discretion for the [Board of Elections] not to have held an evidentiary hearing in the first place" because the evidence shows a reasonable probability of campaign finance violations. We disagree. The record shows the Board of Elections complied with its statutory duty and it is not the role of the trial court or our Court to direct the Board of Elections in what manner to exercise its discretion.

As Citizens for Truth states in its brief to our Court,

[t]he injunctive power of the court . . . would be relevant to this dispute if the [Board of Elections] had failed to consider [plaintiff's] complaint at all. . . . The statute does not, however, give the court the power to compel a different decision from the [Board of Elections] once it has exercised its duty, which is exactly what [plaintiff] seeks in this lawsuit.

By requesting an injunction be issued to compel the Board of Elections to investigate further, a matter the Board of Elections has already deemed unnecessary, plaintiff has failed to state a cause of action.

### B. Injunction against Citizens for Truth

[2] Plaintiff also requests in his complaint that the trial court issue an injunction requiring Citizens for Truth "to file a full complete and accurate report required by statute as the facts may hereafter be determined."

As previously stated, the Board of Elections properly fulfilled its statutory duty and, in its discretion, determined that no further investigation into plaintiff's letter of complaint was required. The Board of Elections therefore, in effect, determined that the reports filed by Citizens for Truth were full, complete and accurate.

Plaintiff has failed to state a claim by requesting an injunction be issued to order Citizens for Truth to file an additional campaign finance report because the Board of Elections, in its discretion, determined that action was unnecessary.

Considering all the allegations in plaintiff's complaint as true, plaintiff has failed to state a claim upon which relief can be granted.

The order of the trial court dismissing plaintiff's complaint for failure to state a claim upon which relief can be granted is affirmed.

Affirmed.

Judge JOHN concurs.

Judge WALKER concurs with a separate opinion.

WALKER, Judge, concurring.

I concur with the majority opinion and write separately to express my concern with the Board's decision wherein it recites, "After consideration of the printed and oral information provided, the Chairman stated that the information was not sufficient evidence of violations of election laws to justify the request for a hearing . . . ." The statutes do not confer upon the Chairman the authority to make this determination. However, it is clear from the decision that this matter was properly passed on by the Board who unanimously agreed with the Chairman.

Finally, I disagree with the statement in the majority opinion that "[t]he Board of Elections therefore, in effect, determined that the reports filed by Citizens for Truth were full, complete and accurate." It appears from the Board's decision that it merely found there was not sufficient evidence of election law violations to warrant further investigation and hearing.